UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICK NOEL HERNANDEZ, | § § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 4:25-cv-03777 |
| FULL SPEED ENTERPRISES, INC, AND GREGORY SMITH, | § § § § | |
| Defendants. | | |

**JOINT DISCOVERY AND CASE MANAGEMENT PLAN**

> *Restate each instruction in bold and furnish the requested information.*

1. State where and when the parties held the meeting required by Rule 26(f). Identify the counsel who attended each party.

   **The parties conferred on November 6, 2025 in writing with Sadi R. Antonmattei-Goitia for Plaintiff and Matthew Witherel for Defendant.**

2. List all related cases pending in any other state or federal court. Identify the court and case number. State the relationship.

   **None.**

3. Briefly describe what this case is about. Generally, state the claims, defenses, and threshold issues that each party will likely assert.

   **This case arises from an alleged motor vehicle accident on September 25, 2023 in Montgomery County, Texas. Plaintiff alleges that Defendant Gregory Smith was negligent when Gregory' vehicle impacted Plaintiff's vehicle, causing personal injuries. Plaintiff further alleges that Defendant Gregory Smith negligently hired, trained, supervised, and retained Gregory Smith, and negligently entrusted a commercial vehicle to him.**

   **Defendants contest the allegations of negligence and also contest the alleged injuries and amount of damages.**

1

4. Specify the basis of federal jurisdiction. Identify any parties who disagree and the reasons.

   **Federal jurisdiction is proper due to the diversity of citizenship between parties. Plaintiff is and was at the time the lawsuit was filed, a resident and citizen of Texas. Full Speed Enterprises, Inc. is a corporation maintaining its principal place in Ohio and is considered a citizen of Ohio. Defendant Gregory Smith is and was at the time the lawsuit was filed, a resident and citizen of Ohio.**

5. List any anticipated additional parties. Identify the party who wishes to add them, briefly explain why, and indicate a date by which to do so.

   **None at this time.**

6. List any anticipated interventions. Briefly explain why.

   **None at this time.**

7. Describe any class-action or collective-action issues. Provide the proposed definition of the class. Identify and state generally the basis for any opposition.

   **None.**

8. State whether each party represents that it has completed its Rule 26(a) initial disclosures. If not, indicate the date by which each party will do so and describe arrangements in that respect.

   **Initial disclosures have not yet been exchanged. The Parties anticipate that initial disclosures be exchanged not later than November 24, 2025.**

9. Apart from initial disclosures, specify other discoveries served or accomplished to date.

   **None.**

10. Describe the proposed agreed discovery plan. At a minimum, include:

    a. Responses to all the matters raised in Rule 26(f), including agreements reached concerning electronic discovery and any disputed issues relating to electronic discovery;

       **The parties do not believe any changes are needed in the timing, form or requirement for discovery under Rule 26.**

    b. When and to whom the plaintiff anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.

       **Plaintiff anticipates sending no more than 25 interrogatories to all parties on or before December 15, 2025.**

2

c.  When and to whom the defendant anticipates it may send interrogatories, whether the Rule 33(a) limit of twenty-five per party should apply, and reasons for any requested adjustment.

**Defendants anticipate no more than 25 interrogatories to Plaintiff on or before December 20.**

d.  Of whom and by when the plaintiff anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.

**Gregory Smith.**

**Full Speed Enterprises, INC.**

**Plaintiff anticipates that these depositions will be completed prior to the end of ordered discovery deadline.**

e.  Of whom and by when the defendant anticipates taking oral depositions, whether the Rule 30(a)(2)(A) presumptive limit of ten depositions per side should apply, and reasons for any requested adjustment.

**Defendants anticipate deposition Plaintiff, the investigating police officer, and plaintiff's treating medical provides prior to the end of the ordered discovery deadline.**

f.  When the plaintiff (or the party with the burden of proof on an issue) can designate experts and provide Rule 26(a)(2)(B) reports, and when the opposing party can designate responsive experts and provide their reports.

**Plaintiff anticipates that he will be able to designate experts and provide reports by the day by which plaintiff is ordered to designate experts and provide reports.**

List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date.

**No experts have been designated at this time; however, Plaintiff anticipates completing the depositions of Defendant's experts by the end of discovery period.**

g.  List expert depositions the opposing party anticipates taking and their anticipated completion date.

**No experts have been designated at this time; Defendant anticipate completing the depositions of Plaintiff's experts by the end of the discovery period.**

11. State the date by which the parties can reasonably complete the planned discovery.

**Parties will complete discovery before the end of discovery deadline.**

12. If the parties disagree on any part of the discovery plan, describe the separate views and proposals of each party.

   **No disagreement at this time.**

13. Discuss the possibilities for a prompt settlement or resolution of the case at your Rule 26(f) meeting. Identify such possibilities. Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.

   **The parties do not presently believe a prompt settlement or resolution of this case is likely until additional discovery is propounded. The parties are, however, open to discussing resolution of the case any time and mediating after substantial completion of the discovery phase.**

14. Counsel to each party must discuss with their client the alternative dispute resolution techniques that are reasonably suitable to this case. Identify such potential techniques. State when the parties may effectively use any such technique.

   **The parties believe that the mediation of this suit is appropriate after substantial completion of discovery.**

15. A Magistrate Judge of this Court may now hear jury and nonjury trials. Indicate the parties' joint position on a trial before a Magistrate Judge.

   **The parties do not wish for this matter to be heard by a magistrate judge.**

16. Identify any party that has made a jury demand and whether it was timely.

   **Plaintiff and Defendant Full Speed made timely jury demands.**

17. Specify the number of hours it will likely take to present the evidence at trial in this case.

   **The parties anticipate that it will take three days to present evidence in this case.**

18. List pending motions the Court could resolve at the initial pretrial conference.

   **None.**

19. List other pending motions.

   **None.**

20. List all other matters that deserve attention of the Court at the initial pretrial conference.

   **None.**

21. Complete and attach a proposed scheduling and docket control order where necessary to suggest modifications to the Court's standard order. Clearly indicate any disagreements with reasons in support of the requests made.

    **None.**

22. Certify that all parties have filed the Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for original and any amendments.

    **Plaintiff filed his Certificate of Interested Parties on September 19, 2025. Defendant Full Speed filed its Certificate of Interested Parties on September 24, 2025.**

23. If the case involves an unincorporated entity as a party, such as an LLC or LLP, state the citizenship of every member. As an attachment to this joint filing, such party must file an affidavit or declaration establishing the citizenship of every member.

    **None.**

24. List the names, bar numbers, addresses, telephone numbers, and e-mails of all counsel and unrepresented parties.

    **For Plaintiff:**
    **Sadi. R Antonmattei-Goitia**
    **Federal Bar No. 3244833**
    **State Bar No. 24091383**
    **KHERKHER GARCIA LLP**
    **2925 Richmond Ave, Suite 1560**
    **Houston Texas 77098**
    **Phone: (713) 333-1030**
    **Facsimile: (713) 333-1029**
    **Email: [SKherkher-Team@KherkherGarcia.com](mailto:SKherkher-Team@KherkherGarcia.com)**

    **For Defendants:**
    **Mattew Witherel**
    **LANZA LAW FIRM, P.C**
    **State Bar No. 24081385**
    **4950 Bissonnet**
    **Houston, Texas 77041**
    **Phone: (713) 432-9090**
    **Facsimile: (713) 668-6417**
    **Email: [mwitherel@lanzalawfirm.com](mailto:mwitherel@lanzalawfirm.com)**

Respectfully submitted,


November 18, 2025                    */s/ Sadi R. Antonmattei-Goitia*
    Date                    **Sadi. R Antonmattei-Goitia**
                                          **Federal Bar No. 3244833**
                                          **State Bar No. 24091383**
                                          **KHERKHER GARCIA LLP**
                                          **2925 Richmond Ave, Suite 1560**
                                          **Houston Texas 77098**
                                          **Phone: (713) 333-1030**
                                          **Facsimile: (713) 333-1029**
                                          **Email: SKherkher-Team@KherkherGarcia.com**


November 18, 2025                    */s/ Matthew Witherel*
    Date                    **Matthew Witherel**
                                          **LANZA LAW FIRM, P.C**
                                          **State Bar No. 24081385**
                                          **4950 Bissonnet**
                                          **Houston, Texas 77041**
                                          **Phone: (713) 432-9090**
                                          **Facsimile: (713) 668-6417**