IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERICK NOEL HERNANDEZ,<br>    Plaintiff | §<br>§<br>§ | |
| V. | §<br>§ | CIVIL ACTION NO. 4:25-cv-03777 |
| FULL SPEED ENTERPRISES, INC.,<br>AND GREGORY SMITH,,<br>    Defendants | §<br>§<br>§<br>§ | |

**DEFENDANT GREGORY SMITH'S
ORIGINAL ANSWER**

Defendant GREGORY SMITH ("SMITH"), files its Original Answer to Plaintiff

Erick Noel Hernandez' ("Hernandez") Original Petition and will show as follows:

## I.    SPECIFIC RESPONSES TO PLAINTIFF'S ALLEGATIONS

SMITH makes the following specific responses to the allegations made by Plaintiff's in

its Original Petition:

1.    Defendant lacks knowledge sufficient to form a belief about the truth of the

allegations set forth in Paragraph 1 of Plaintiffs' Original Complaint.

2.    Defendant admits the allegations in Paragraph 2 of Plaintiff's Original

Complaint.

3.    Defendant admits the allegations of Paragraph 3 of Plaintiff's Original

Complaint.

4.    Defendant lacks knowledge sufficient to form a belief about the truth of the

allegations set forth in Paragraph 4 of Plaintiffs' Original Complaint.

5.    Defendant admits that venue is proper.

6.      Defendant admits that a collision occurred between its vehicle and Plaintiff's vehicle on September 5, 2023 at the location identified by Plaintiff, and that SMITH backed up into Plaintiff's vehicle. Defendant otherwise denies the allegations in Paragraph 6 of Plaintiff's Original Complaint.

7.      Defendant denies the allegations in Paragraph 7 of Plaintiff's Original Complaint.

8.      To the extent necessary to respond to Plaintiffs incorporating prior paragraphs in Paragraph 8 of Plaintiff's Original Complaint, Defendant incorporates its responses set forth above.

9.      SMITH admits that he was a commercial driver for profit. Defendant denies the remaining allegations of Paragraph 9 of the Plaintiff's Original Complaint.

10.     Defendant denies the allegation in Paragraph 10 of Plaintiff's Original Complaint including all subparts a through j.

11.     Defendant denies the allegation in Paragraph 11 of Plaintiff's Original Complaint.

12.     To the extent necessary to respond to Plaintiffs incorporating prior paragraphs in Paragraph 12 of Plaintiff's Original Complaint, Defendant incorporates its responses set forth above.

13.     Defendant admits that he was acting within the course and scope of his employment with FULL SPEED at the time of the accident.

14. Defendant admits that FULL SPEED is vicariously liable for its employee's negligent acts performed within the employee's work duties, but otherwise denies the allegations of Paragraph 14 of Plaintiff's Original Complaint.

15. To the extent necessary to respond to Plaintiffs incorporating prior paragraphs in Paragraph 15 of Plaintiff's Original Complaint, Defendant incorporates its responses set forth above.

16. Defendant denies the allegations in Paragraph 16 of Plaintiff's Original Complaint.

17. Defendant denies the allegations in Paragraph 17 of Plaintiff's Original Complaint.

18. To the extent necessary to respond to Plaintiffs incorporating prior paragraphs in Paragraph 18 of Plaintiff's Original Complaint, Defendant incorporates its responses set forth above.

19. Defendant denies the allegations in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendant denies the allegations in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant denies the allegations in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant denies the allegations in Paragraph 22 of Plaintiff's Original Complaint.

23.     Defendant denies the allegations in Paragraph 23 of Plaintiff's Original Complaint.

24.     Defendant denies that Plaintiff suffered injuries during the incident, and denies that Plaintiff is entitled to any of the categories of damages alleged.

25.     Defendant admits that Plaintiff is seeking monetary relief over $75,000.00.

26.     Paragraph 26 of Plaintiff's Original Complaint is a jury demand which does not require a response.

## II.     AFFIRMATIVE DEFENSES

Without admission or concession that Defendant SMITH bears the burden of proof on any element, asserts the following defenses:

27.     **Plaintiff's Comparative Fault.** Plaintiffs' claims are barred, in whole or in part, because Plaintiff's own acts or omissions constituted negligence and were the sole cause and/or a proximate cause of the occurrence in question and Plaintiffs' injuries and damages, if any.

28.     **Limitations on Liability for Medical Expenses.** Defendant asserts that Plaintiff's claimed medical expenses should be reduced to the amount actually paid by or incurred on behalf of Plaintiff pursuant to Texas Civil Practice and Remedies Code Section 41.0105.

29.     **Failure to Mitigate Damages.** Defendant affirmatively alleges that Plaintiff failed to mitigate his damages.

30.     Defendant further pleads that to the extent Plaintiff seeks punitive or exemplary damages, Defendant invokes its rights under the due process clause of the Fifth Amendment

4

of the United States Constitution as applied to the states through the Fourteenth Amendment of the United States Constitution. Hunt affirmatively pleads that Plaintiffs' pleading for punitive or exemplary damages violates the due process clauses of the Fifth and Fourteenth Amendments in as much as punitive or exemplary damages can be assessed:

    a. By Plaintiffs' only proving its claim for exemplary damages on a standard that is not "beyond a reasonable doubt" standard as should be required in assessing a punishment award;

    b. On a statutory enactment that is not clearly defined and does not set forth a specific means requirement and/or the prerequisites of a criminal fine and in effect, allows the assessment of such awards even though there are no special standards, limits or other statutory requirements set forth that define the means and scope and limit of such awards. Therefore, the awards are unduly vague and do not meet the requirements of due process; and

    c. As a fine, and in fact, such awards often exceed normal criminal fines, but Defendant received none of the basic rights accorded to a criminal Defendant when being subjected to possible criminal penalties.

31. Defendant pleads that, to the extent Plaintiffs seek punitive or exemplary damages, such request should be denied because it violates the equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the Constitution of the United States, the provisions of the Eight Amendment to the Constitution of the United States and the

5

Constitution of the State of Texas, Article I, Section 13 and 19.

32.    Defendant further pleads, with respect to Plaintiffs' claim for damages, any award of punitive or exemplary damages must be limited pursuant to the statutory mandates of Chapter 41 of the Texas Civil Practice & Remedies Code.

33.    For further answer, if same be necessary, Defendant alleges that Plaintiffs' alleged damages were the result of a pre-existing medical conditions.

### III.    PRAYER

WHEREFORE, Defendant GREGORY SMITH ("SMITH"), prays that this Court render a take-nothing judgment in favor of SMITH and against Plaintiff Erick Noel Hernandez, assess costs against Plaintiff, and award SMITH all other relief to which it may be justly entitled.

Respectfully submitted,

**LANZA LAW FIRM, P.C.**

**MATTHEW WITHEREL**
SBN. 24081385
4950 Bissonnet
Houston, Texas 77041
(713) 432-9090
(713) 668-6417 Facsimile
eservice@lanzalawfirm.com
mwitherel@lanzalawfirm.com

**ATTORNEY-IN-CHARGE FOR GREGORY SMITH**

6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this document was served via the Court's ECF system on March 10, 2026 to all counsel of record.

**MATTHEW WITHEREL**

.